**Robert K. Meyer, OSB No. 086470**
**MEYER EMPLOYMENT LAW**
1000 SW Broadway, # 2300
Portland, OR 97205
Phone: (503) 459-4010
Fax: (503) 914-1461
Email: Robert@oregonworkplacelaw.com

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **KRISTY BLAKE**, | Case No.: 3:24-cv-01108 |
| Plaintiff, | |
| v. | **COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES** |
| **HIOSSEN INC.**, a foreign business corporation, | 42 U.S.C. § 1981; 42 U.S.C. § 2000e-2; 29 U.S.C. § 623(a)(1) |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiff Kristy Blake, by and through undersigned counsel, makes the following complaint against her former employer, Defendant Hiossen, Inc., alleging as follows:

//

//

//

//

1 | Complaint

## JURISDICTIONAL ALLEGATIONS

1.

Defendant Hiossen is a foreign business corporation with its principal place of business in Fairless Hills, Pennsylvania. At all material times, Hiossen was Plaintiff's employer and conducted regular and sustained business activities in Multnomah County, Oregon.

2.

At all material times, Plaintiff was supervised by Hiossen employees or agents, and Plaintiff relied on the actual or apparent authority of Hiossen's employees, supervisors and managers.

3.

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. As the action arises under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e-2.

4.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all of Plaintiff's claims arose in this judicial district.

5.

Plaintiff filed timely claims with Equal Employment Opportunity Commission ("EEOC") raising the issues alleged herein. Plaintiff's EEOC case has been closed and EEOC has issued Plaintiff a notice of her right to file a civil suit.

## FACTUAL ALLEGATIONS

6.

Defendant hired Plaintiff as an outside sales representative on or around June 11, 2018.

7.

Plaintiff is a white female.

8.

In June 2018, Plaintiff attended a training program where the new female employees were advised to follow the rules otherwise it would be taken out on the female trainer. Additionally, non-Korean women including Plaintiff were advised to adapt to the "Korean way."

9.

Throughout Plaintiff's employment, she was subjected to harassment and different terms and conditions of employment on the basis of her age, race, sex and national origin by manager Peter Cho. Cho's harassment included demanding Plaintiff and her female colleague be more like Korean women and advising Plaintiff to be more submissive. Cho also would refer to Plaintiff as a "dumb blonde" and "Goldie Hawn".

10.

On or around August 1, 2018, Plaintiff was in her office when Cho came in to discuss an assignment he had given to Plaintiff. When Plaintiff began presenting her work to him, Cho became irate, throwing the paper's that were on Plaintiff's desk and calling her an idiot. He informed Plaintiff that "the girls' inability to follow instructions is what keeps them from getting out in the field." Cho's violent outburst escalated when he grabbed Plaintiff's computer and slammed it on her hands. When Plaintiff began to cry, Cho warned her that "crying does not belong in the office" and he could "let [Plaintiff] go for crying." Plaintiff, terrified, apologized profusely until Cho left her office.

11.

The following day, on or around August 2, 2018, Cho emailed Plaintiff reprimanding her for "yawning frequently" and reiterating that "crying as you've done yesterday is a strong sign of

emotions that, in my opinion, should not be shared in a professional environment."

12.

On or around August 7, 2018, Plaintiff was experiencing severe anxiety and chest pains when she went to the Vancouver Clinic to seek medical attention. After Plaintiff explained how the stress from work was exacerbating her anxiety, Plaintiff's doctor advised her to immediately file an HR report and take time off.

13.

Later that day, Plaintiff emailed Human Resource specialist Rachel Rosiak, requesting information to file an HR complaint and informing her of her doctor's recommendations. Rosiak CC'd HR manager Sung Ha and informed Plaintiff of the appropriate steps for internal reporting.

14.

On or around August 9, 2018, Plaintiff submitted a formal HR complaint, detailing Cho's violent outburst on August 1st and explaining that she feared for her safety while around Cho. Plaintiff also detailed how her younger colleague, while still treated poorly by Cho, was not held to the same heightened standards as Plaintiff.

15.

On or around August 15, 2018, after receiving little communication from HR, Plaintiff requested an in-person meeting to discuss her concerns further. Plaintiff informed HR she felt she was being retaliated against for reporting the hostile work environment and disparate treatment that Cho subjected her to.

16.

On or around August 17, 2018, Defendant terminated Plaintiff's employment, stating she was "not a good fit."

17.

Defendant's treatment of Plaintiff was part of a pattern and practice of race/national origin and sex discrimination by the company in its employment practices.

## First Claim for Relief
### Race-Based Discrimination, 42 U.S.C. § 1981 (Hostile Work Environment)

18.

Plaintiff re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

19.

Hiossen's actions as alleged above violated 42 U.S.C. § 1981 because it treated Plaintiff adversely with respect to compensation and other terms of employment, including by subjecting Plaintiff to a racially hostile work environment, and Plaintiff's race was a motivating and/or determinative factor in Hiossen's adverse treatment.

20.

Hiossen creation of and maintenance of a hostile work environment caused Plaintiff to lose income and suffer emotional distress. Plaintiff's injuries are continuing.

21.

Hiossen's actions were taken in reckless disregard of Plaintiff's rights. Plaintiff seeks punitive damages in an amount to be determined by a jury.

## Second Claim for Relief
### Race-Based Discrimination, 42 U.S.C. § 1981 (Disparate Treatment)

22.

Plaintiff re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

23.

Hiossen subjected Plaintiff to disparate treatment by constructively terminating her employment due to her race. 42 U.S.C. § 1981.

24.

Due to Hiossen's unlawful employment practices including termination of Plaintiff's employment, Plaintiff has suffered emotional distress and lost income.

25.

Hiossen's actions were taken in reckless disregard of Plaintiff's rights.

### Third Claim for Relief
### Race-Based Retaliation, 42 U.S.C. § 1981

26.

Plaintiff re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

27.

Defendant's action as alleged above violated 42 U.S.C. § 1981's prohibition on retaliation because Plaintiff made one or more good faith complaints that her right to be free from racial discrimination was violated, and following her complaints, Defendants treated Plaintiff materially adversely with respect to compensation and other terms of employment, including by constructively discharging Plaintiff. Defendant's material adverse treatment was due to Plaintiff's aforementioned good faith complaint(s).

28.

Defendant's material adverse treatment towards Plaintiff was such that a reasonable worker would have been discouraged from making a similar good faith complaint about her right to be free from racial discrimination.

**Fourth Claim for Relief**
**Sex Discrimination, Title VII, 42 U.S.C. § 2000e-2**

29.

Plaintiff re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

30.

Hiossen is a "person" within the meaning of 42 U.S.C. § 2000e(a), and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

31.

Defendant discriminated against Plaintiff in substantial or motivating part because of her sex in, *inter alia*, one or more of the following ways:

- When Cho told Plaintiff that she should be more submissive like Korean women.
- When Cho referred to Plaintiff as a "dumb blonde" and "Goldie Hawn".
- When Cho told Plaintiff that girls inability to follow instructions is what prevents them from getting out in the field.

32.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur economic damages in an amount to be proven at trial.

33.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience, and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

34.

Plaintiff is entitled to an award of attorney fees, expert witness fees and costs incurred herein, pursuant to 42 U.S.C. § 1988(c), 42 U.S.C. § 2000e-5(k).

**Fifth Claim for Relief**
**Race/National Origin Discrimination, Title VII, 42 U.S.C. § 2000e-2**

35.

Plaintiff re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

36.

Hiossen is a "person" within the meaning of 42 U.S.C. § 2000e(a), and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

37.

Defendant discriminated against Plaintiff in substantial or motivating part because of her race/national origin in, *inter alia*, one or more of the following ways

- When Cho told Plaintiff that she needed to be more like Korean women.
- When Cho referred to Plaintiff as "dumb blonde" and "Goldie Hawn".
- When Plaintiff was advised to adapt to the "Korean way".

38.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur economic damages in an amount to be proven at trial.

8 | Complaint

39.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience, and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

40.

Plaintiff is entitled to an award of attorney fees, expert witness fees and costs incurred herein, pursuant to 42 U.S.C. § 1988(c), 42 U.S.C. § 2000e-5(k

## Sixth Claim for Relief
### Age Discrimination, ADEA, 29 U.S.C.A. § 623(a)(1)

41.

Plaintiff re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

42.

Defendant engaged in unlawful employment practices in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1), when it discriminated against Plaintiff, failed to address Plaintiff's age discrimination complaints, subjected Plaintiff to a hostile work environment and retaliated against Plaintiff for reporting age discrimination.

43.

Plaintiff was in the protected age group defined in the ADEA, Section 12, 29 U.S.C. § 631.

44.

The unlawful employment practices were intentional and willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

45.

Because of Defendant's unlawful retaliation, Plaintiff has incurred and continues to incur economic damages, including lost wages, in an amount to be proven at trial pursuant to 29 U.S.C. § 626(b).

46.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial pursuant to 29 U.S.C. § 626(b).

47.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's legally protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial pursuant to 29 U.S.C. § 626(b).

48.

Defendant's conduct was willful and Plaintiff therefore seeks liquidated damages under the ADEA to the extent allowed by law.

49.

Plaintiff is entitled to recover her costs and attorney fees pursuant to 29 U.S.C. § 626(b).

### Seventh Claim for Relief
### Sex plus Age, and/or Race/National Origin Discrimination - Title VII & ADEA

50.

Plaintiff re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

51.

Hiossen is a "person" within the meaning of 42 U.S.C. § 2000e(a), and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

52.

Defendant discriminated against Plaintiff in substantial or motivating part because of her sex plus her age and/or race/national origin based on the factual allegations forth above and incorporated herein by reference. Defendant created and maintained a hostile work environment directed at Plaintiff's sex plus race/national origin, subjected Plaintiff to one or more adverse actions based on her sex plus race/national origin, including constructively terminating Plaintiff.

53.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur economic damages in an amount to be proven at trial.

54.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience, and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

55.

Plaintiff is entitled to an award of attorney fees, expert witness fees and costs incurred herein, pursuant to 42 U.S.C. § 1988(c), 42 U.S.C. § 2000e-5(k).

### Eighth Claim For Relief
### Title VII – Retaliation

54.

Plaintiff re-alleges the above paragraphs as if fully set forth herein.

55.

Defendant discriminated against Plaintiff in the terms and conditions of her employment in substantial motivating part due to Plaintiff's reporting and/or opposition to employment practices prohibited by Title VII.

56.

Defendant's unlawful conduct caused Plaintiff to suffer damages. Plaintiff re-alleges her damages, costs and attorneys' fees set forth above.

### Ninth Claim For Relief
### ADEA – Retaliation

54.

Plaintiff re-alleges the above paragraphs as if fully set forth herein.

55.

Defendant discriminated against Plaintiff in the terms and conditions of her employment in substantial motivating part due to Plaintiff's reporting and/or opposition to employment practices prohibited by the ADEA.

56.

Defendant's unlawful conduct caused Plaintiff to suffer damages. Plaintiff re-alleges her damages, costs and attorneys' fees set forth above.

12 | Complaint

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

### Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendant for economic damages, non-economic damages, punitive damages, costs and attorneys' fees pursuant to 42 U.S.C. § 1988(c), 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 1981a(a)(1) on all the claims stated above;

Plaintiff also prays for pre and post-judgment interest as appropriate and allowed by law;

Plaintiff also prays for on all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over the applicable time frame;

Plaintiff also prays for equitable relief including a permanent injunction enjoining Defendant from engaging in any employment practice which discriminates on the bases as alleged in this complaint;

Plaintiff also prays for liquidated damages under the ADEA; and

Plaintiff also prays for such other relief as the court deems just and equitable.

Dated: July 5, 2024.                    **MEYER EMPLOYMENT LAW**

                         *s/Robert K. Meyer*
                         Robert K. Meyer, OSB No. 086470
                         robert@oregonworkplacelaw.com
                         *Of Attorneys for Plaintiff*

13 | Complaint